IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **RHEE BROS., INC.** | * |
| **Plaintiff** | *  CIVIL ACTION NO. AMD 01CV 1894 |
| **v.** | * |
| **HAN AH REUM, CORP., et al.** | * |
| **Defendants** | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO REOPEN THE CASE
AND TO ENFORCE SETTLEMENT AGREEMENT
AGAINST DEFENDANT SEOUL SHIK POOM, INC.**

Plaintiff, Rhee Bros., Inc., by and through their undersigned counsel, Jonathan Ilsong Ahn and Semmes, Bowen & Semmes, moves this Honorable Court to reopen the case against Defendant Seoul Shik Poom, Inc. in the above-captioned matter, and to enforce the settlement agreement reached between Plaintiff and Defendant Seoul Shik Poom on March 18, 2003. In support of this motion, Plaintiff states as follows:

**PROCEDURAL BACKGROUND**

On May 2, 2003, the Honorable Judge Andre M. Davis entered an Order dismissing this Action, and directed the Clerk to close the file. The Order also stated that a motion to reopen this Action must be filed within 30 days from the date of the Order. A motion to reopen this Action is due June 2, 2003.

**FACTUAL BACKGROUND**

1.     On June 27, 2001, Plaintiff filed this action titled <u>Rhee Bros., Inc. v. Han Ah Reum, Corp., et al.</u>, Civil Action No. AMD 01 CV 1894, in the United Sates District Court for the District of Maryland against several Defendants, including Defendant Seoul Shik Poom, Inc. (hereinafter "Defendant SSP"), seeking damages and injunctive relief for alleged trademark infringement ("this

Action").

2.	On February 25, 2003, following almost two months of negotiation, Plaintiff's attorney, Jonathan Ahn sent an email together with revised settlement documents as attachments to Mr. James Wharton and Mr. David Roling, attorneys for Defendant SSP. Attached settlement documents included revised (1) Confidential Settlement Agreement, (2) Non-Exclusive License Agreement for Dol Guk Mi Yuk Trademark, (3) Stipulation for Entry of Permanent Injunction and Dismissal, and (4) proposed Consent Order for Permanent Injunction and Dismissal. A copy of Mr. Ahn's February 25, 2003 email without the attachments is attached hereto and made a part hereof as Exhibit A.

3.	On March 18, 2003, by an email, Mr. Roling informed Mr. Ahn that his clients had approved the settlement documents as submitted. In his email, Mr. Roling also stated that he had sent clean copies of the settlement documents to his clients for their signatures, and promised to forward the signed settlement documents to Mr. Ahn upon receipt. A copy of Mr. Roling's March 18, 2003 email is attached hereto and made a part hereof as Exhibit B.

4.	On March 18, 2003, Mr. Ahn sent an email response to Mr. Roling acknowledging the parties agreement, and requested that the settlement check together with the executed settlement documents be sent to his attention at Semmes, Bowen & Semmes. A copy of Mr. Ahn's March 18, 2003 email is attached hereto and made a part hereof as Exhibit C.

5.	On April 30, 2003, by an email, Mr. David Roling informed Mr. Ahn that he had confirmed with his clients' counsel in New York that the settlement documents would be signed and delivered within a week. A copy of Mr. Roling's April 30, 2003 email is attached hereto and made a part hereof as Exhibit D.

6. On May 2, 2003[1], pursuant to the Scheduling Order, Plaintiff, with the consent of Mr. Roling, Defendant SSP's attorney, submitted a status report to the Court, informing the Court, among other issues, that Plaintiff has settled with all of the Defendants in this Action, and was waiting for signature on the settlement documents from Defendant Seoul Shik Poom, Inc.

7. On May 2, 2003, based on the parties' status report, Judge Andre Davis entered an Order dismissing this Action.

8. On May 13, 2003, after having waited almost two weeks, Mr. Ahn sent an email to Mr. Roling inquiring about the status of the settlement documents. A copy of Mr. Ahn's May 13, 2003 email is attached hereto and made a part hereof as Exhibit E. Mr. Ahn did not receive any response from Mr. Roling.

9. On May 16, 2003, Mr. Ahn sent a letter, via facsimile and first class mail, to Mr. Roling that unless the settlement documents are received by Plaintiff by Wednesday, May 21, 2003, Plaintiff will be forced to file a motion to reopen this Action and for enforcement of the settlement agreement. A copy of Mr. Ahn's May 16, 2003 letter together with a facsimile confirmation sheet is attached hereto and made a part hereof as Exhibit F.

10. On May 21, 2003, in the late afternoon, Mr. Ahn sent an email detailing the frustrations and problems he had been experiencing in trying to obtain information on the status of the settlement documents and requested that Mr. Roling provide a response to Plaintiff's requests for executed settlement documents. A copy of Mr. Ahn's May 21, 2003 email is attached hereto and made a part hereof as Exhibit G.

11. Later in the afternoon of May 22, 2003, Mr. Ahn received a letter from Mr. Roling,

---

[1] The Scheduling Order required filing of the status report by April 30, 2003, but the parties actually filed the status report, via electronic filing, on May 2, 2003.

via fax, stating proposed changes to the agreed settlement documents. A copy of the letter is attached hereto and made a part hereof as Exhibit H.

12. On May 23, 2003, Mr. Ahn sent a letter to Mr. Roling reminding him that the parties had agreed to the settlement documents as submitted over 2 months ago, and stating Plaintiff's unwillingness to reopen negotiation. A copy of Mr. Ahn's May 23, 2003 letter is attached hereto and made a part hereof as Exhibit I.

13. To date, notwithstanding the parties' March 18, 2003 agreement to the settlement documents, Defendant SSP has never executed the settlement documents or delivered the agreed settlement payment.

14. As noted above, Plaintiff's efforts to obtain executed settlement documents and agreed settlement payment from the Defendant SSP have proven unsuccessful.

WHEREFORE, for the foregoing reasons Plaintiff respectfully requests that the Court issue an Order directing the Clerk to reopen this case against Defendant Seoul Shik Poom, and directing Defendant Seoul Shik Poom to execute the settlement documents and to comply with the terms of the settlement agreement. A proposed Order is attached hereto.

Respectfully submitted,

_____/s/_____
Jonathan Ilsong Ahn, Bar No. 22262
James A. Johnson, Bar No.02293
Kenneth S. Knack, Bar No. 25527
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, MD 21201
(410) 539-5040

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of May, 2003, a copy of the foregoing Motion to Reopen the Case and to Enforce Settlement Agreement Against Defendant Seoul Shik Poom was mailed, via first class mail, postage prepaid to:

> David A. Roling, Esq.
> Wharton Levin Ehrmantraut Klein & Nash
> 104 West Street
> P.O. Box 551
> Annapolis, Maryland   21404-0551
>
> Attorneys for Defendant Seoul Shik Poom, Inc.
>
> Stephen C. Leckar, Esq.
> Butera & Andrews
> 1301 Pennsylvania Ave., N.W. Suite 500
> Washington, D.C.,   20004
>
> Benjamin Lambiotte, Esq.
> Garvey Schubert & Barer
> 1000 Potomac Street, N.W., Fifth Floor
> Washington, D.C.   20007
>
> Attorneys for Defendants Han Ah Reum, Corp.,
> HAR Wheaton, Inc., and Il Yeon Kwon.
>
> H. Patrick Stringer, Esq.
> Mudd, Harrison & Burch
> 300 Jefferson Building
> 105 W. Chesapeake Avenue
> Towson, Maryland   21204
>
> Attorney for Defendant HAR Wheaton, Inc.

                                                 /s/
                                        Jonathan I. Ahn

Rhee bros. - ssp - motion to reopen  (B0345531.WPD;1)