**Ahn, Jonathan**

| | |
|---|---|
| From: | Ahn, Jonathan |
| Sent: | Tuesday, February 25, 2003 10:26 AM |
| To: | 'jtw@wlekn.com' |
| Cc: | 'DAR@wlekN.com' |
| Subject: | proposed settlement documents |

jim & dave,

attached are draft (1) confidential settlement agreement, (2) non-exclusive license agreement for dol guk mi yuk trademark, (3) stipulation for entry of permanent injunction and dismissal, and (4) proposed consent order of permanent injunction and dismissal for your review and comments.
i would appreciate your acknowledgement upon receipt of the email and the attachments, and let me know when i could expect your responses to the proposed drafts. thank you for your assistance in this matter.

sincerely,
jonathan

cc: Jay D. Koh (w/o attachments via fax)



| Rhee bros - ssp settlement agr... | Rhee bros -- ssp non-exclusive... | Rhee bros -- ssp stipulation f... | Rhee bros -- ssp permanent inj... |



EXHIBIT A

1

**Ahn, Jonathan**

| | |
|---|---|
| **From:** | David Roling [DAR@wlekN.com] |
| **Sent:** | Tuesday, March 18, 2003 11:26 AM |
| **To:** | jahn@mail.semmes.com |
| **Cc:** | James Wharton |
| **Subject:** | Rhee Brothers Case |

Jonathan: We have been advised by our clients that the settlement documents are approved. We have sent them clean copies to be signed and when we receive them we will forward them to you. In the meantime, please advise how the settlement check should be drafted. David

David A. Roling
Wharton,Levin,Ehrmantraut & Klein
104 West Street
Annapolis, Maryland 21404
dar@wlekn.com

1


EXHIBIT B

**Ahn, Jonathan**

| | |
|---|---|
| **From:** | Ahn, Jonathan |
| **Sent:** | Tuesday, March 18, 2003 1:57 PM |
| **To:** | 'David Roling' |
| **Subject:** | RE: Rhee Brothers Case |

thanks for the email.
please make the check payable to rhee bros., inc. c/o semmes, bowen & semmes.
send the executed documents together with the payments to my attention at semmes, bowen & semmes.
thanks for your help.
sincerely,
jonathan

-----Original Message-----
From: David Roling [mailto:DAR@wlekN.com]
Sent: Tuesday, March 18, 2003 11:26 AM
To: jahn@mail.semmes.com
Cc: James Wharton
Subject: Rhee Brothers Case


Jonathan: We have been advised by our clients that the settlement documents are approved. We have sent them clean copies to be signed and when we receive them we will forward them to you. In the meantime, please advise how the settlement check should be drafted. David

David A. Roling
Wharton,Levin,Ehrmantraut & Klein
104 West Street
Annapolis, Maryland 21404
dar@wlekn.com

1



EXHIBIT C

**Ahn, Jonathan**

| | |
|---|---|
| **From:** | David Roling [DAR@wlekN.com] |
| **Sent:** | Wednesday, April 30, 2003 9:40 AM |
| **To:** | jahn@mail.semmes.com |
| **Subject:** | Rhee Brothers |

Hello: I spoke with counsel in NY and he advised me that we should have the signed documents and settlement draft within a week. I will continue to remind him. On another note, today we need to provide the Judge with a status report on the case. Because this case has settled and Judges prefer that plaintiff's counsel inform them of settlements, please feel free to write the Judge to tell him that this case settled. Thanks, David

David A. Roling
Wharton,Levin,Ehrmantraut & Klein
104 West Street
Annapolis, Maryland 21404
dar@wlekn.com



EXHIBIT D

1

## Ahn, Jonathan

**From:** Ahn, Jonathan
**Sent:** Tuesday, May 13, 2003 12:13 PM
**To:** 'David Roling'
**Subject:** RE: Rhee Brothers

```
david,
here is another reminder. what's the status.  this is getting too much
...
jonathan
```

-----Original Message-----
From: David Roling [mailto:DAR@wlekN.com]
Sent: Wednesday, April 30, 2003 9:40 AM
To: jahn@mail.semmes.com
Subject: Rhee Brothers

Hello: I spoke with counsel in NY and he advised me that we should have the signed documents and settlement draft within a week. I will continue to remind him. On another note, today we need to provide the Judge with a status report on the case. Because this case has settled and Judges prefer that plaintiff's counsel inform them of settlements, please feel free to write the Judge to tell him that this case settled. Thanks, David

David A. Roling
Wharton, Levin, Ehrmantraut & Klein
104 West Street
Annapolis, Maryland 21404
dar@wlekn.com


EXHIBIT E

# SEMMES, BOWEN & SEMMES
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

250 WEST PRATT STREET
BALTIMORE, MARYLAND 21201

TELEPHONE 410-539-5040

FACSIMILE 410-539-5223

WWW.SEMMES.COM

Jonathan Ilsong Ahn
Direct Dial: (410) 576-4783
Email: jahn@mail.semmes.com

OFFICES IN
WASHINGTON, D.C.
HAGERSTOWN, MARYLAND
SALISBURY, MARYLAND
McLEAN, VIRGINIA

May 16, 2003

**VIA FACSIMILE AND
FIRST CLASS MAIL**

David A. Roling, Esq.
Wharton Levin Ehrmantraut Klein & Nash
104 West Street
P.O. Box 551
Annapolis, Maryland   21404-0551

    Re:   *Rhee Bros., Inc. v. Seoul Shik Poom, et al.*,
            Civil Action No. AMD 01 CV 1894
            In the United States District Court for the District of Maryland

Dear David:

    In the last two days, I sent you two e-mails followed by a detailed voice message asking for the status of the signed settlement agreements in the above referenced matter. I have received no reply from you. The incremental delays and the requested extension for one week and for one more week have already been a few months since we agreed to the terms of the settlement. It seems that the only thing required is the signature and a nominal payment. Yet the delay has been unjustifiably long. I have not received any explanation as to why such delay is warranted in this matter.

    Pursuant to schedule order, I filed a joint status report to the Court advising the Court that the parties have settled this matter. Judge Davis entered an Order dismissing the case on May 2, 2003. The Order specifically provides for thirty days to reopen the case in the event that the settlement is not consummated. It is now already the middle of May and time is of the essence that we consummate the settlement or Plaintiff will be forced to reopen the case and file a motion to enforce the settlement agreement. In that event, pursuant to the agreed terms of the settlement, Plaintiff will seek recovery of attorney's fees and costs in our effort to reopen and enforcement the settlement.


EXHIBIT
F

## SEMMES, BOWEN & SEMMES
A PROFESSIONAL CORPORATION

David A. Roling, Esq.
May 16, 2003
Page 2

      I would request that you provide me with the signed agreements together with the required payment by Wednesday, May 21, 2003. If you have any questions or would like to discuss this matter, please call.

Sincerely,

Jonathan Ilsong Ahn

JIA/kas

cc:    James Johnson, Esq.
        Mr. Jay D. Koh

```
*********** -COMM. JOURNAL- *********************** DATE MAY-16-2003 ****** TIME 17:29 ********

         MODE = MEMORY TRANSMISSION          START=MAY-16 17:28      END=MAY-16 17:29

              FILE NO.=402

STN    COMM.      ONE-TOUCH/    STATION NAME/TEL NO.                 PAGES        DURATION
NO.               ABBR NO.

001    OK         z             1866#21432#1#14102802230#            003/003      00:00:28


                                                            -SEMMES, BOWEN SEMMES      -
*********************************** -             - **** -     410 539 5223- **********
```

# SEMMES, BOWEN & SEMMES
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

250 WEST PRATT STREET
BALTIMORE, MARYLAND 21201

TELEPHONE 410-539-5040

FAX 410-539-5223

www.semmes.com

OFFICES IN
WASHINGTON, D.C.
HAGERSTOWN, MARYLAND
SALISBURY, MARYLAND
McLEAN, VIRGINIA

## FAX COVER SHEET

PLEASE DELIVER THE FOLLOWING MATERIALS AS SOON AS POSSIBLE TO:

COMPANY: Wharton Levin Ehrmantraut Klein & Nash

ATTENTION: David A. Roling, Esq.        FAX NO.: **410-280-2230**

DIRECT DIAL NUMBER OF PERSON RECEIVING FAX:

FROM: Jonathan Ilsong Ahn, Esq.

NUMBER OF PAGES: 3 (INCLUDING COVER SHEET)

DATE TRANSMITTED: 5/16/03

DIRECT DIAL NUMBER OF PERSON SENDING FAX: 410-576-4765

MESSAGE:

FILE NO.: 21432-1        HARD COPY TO FOLLOW BY MAIL: yes

The information contained in this facsimile message is attorney-privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message in the above address via the U.S. Postal Service. Thank You.

# SEMMES, BOWEN & SEMMES

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

OFFICES IN
WASHINGTON, D.C.
HAGERSTOWN, MARYLAND
SALISBURY, MARYLAND
McLEAN, VIRGINIA

250 WEST PRATT STREET
BALTIMORE, MARYLAND 21201

TELEPHONE 410-539-5040

FAX 410-539-5223

WWW.SEMMES.COM

# FAX COVER SHEET

PLEASE DELIVER THE FOLLOWING MATERIALS AS SOON AS POSSIBLE TO:

COMPANY:      Wharton Levin Ehrmantraut Klein & Nash

ATTENTION:    David A. Roling, Esq.          FAX NO.:      **410-280-2230**

DIRECT DIAL NUMBER OF PERSON RECEIVING FAX:

FROM:   Jonathan Ilsong Ahn, Esq.

NUMBER OF PAGES:    3   (INCLUDING COVER SHEET)

DATE TRANSMITTED:   5/16/03

DIRECT DIAL NUMBER OF PERSON SENDING FAX:       410-576-4765

MESSAGE:

FILE NO.:  21432-1          HARD COPY TO FOLLOW BY MAIL:   yes

The information contained in this facsimile message is attorney-privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to the above address via the U.S. Postal Service.    Thank You.

Ahn, Jonathan
---

| | |
|---|---|
| From: | Ahn, Jonathan |
| Sent: | Wednesday, May 21, 2003 6:31 PM |
| To: | Ahn, Jonathan; 'David Roling' |
| Subject: | RE: Rhee Brothers |

david,
following my letter to you asking that the settlement agreement be
delivered by today, and having not received any calls, emails or
documents from your office, i called today, and spoke with your
secretary, pat. she told me that she had faxed the agreement
(approximately 7-8 pages) to my office at '410-539-5223'.  i checked
with our fax room, and confirmed that we had not received any 'fax' from
your office. i asked my secretary  karyl to check with your secretary
pat to have the agreement refaxed.  karyl spoke with pat.  pat told
karyl that she could not fax the agreement without first speaking with
'david'.  we thought that was just a office protocol.  we waiting about
2 hours, no fax was received.  karyl called again.  could not get hold
of pat, or your paralegal or you.  karyl left a voicemail for pat.  no
one called.
late in the afternoon, i asked karyl to check again with your office.
karyl could not get anyone, except the receptionist.  during that
conversation, the receptionist told karyl that pat was out, paralegal
was on the phone, but you were in.  at which point, karyl asked the
receptionist to hold, and transfer the call to me.  i asked the
receptionist for you.  i was told that you just stepped out.  i left you
a detailed message. i called again at 5:45pm, and left you another
message.

this is getting to be too much, and i don't know what the problem is.
unless there is a legitimate excuse, which i hope is the case, i would
think there is intentional delay on your side or on your client's side.

as you know, on march 18, 2003, you advised me that we have an agreement
and that you had sent the clean documents to new york for your client's
signature. thereafter, you told me on several occasions that you were
waiting for the signed documents, and that new york attorney promised to
that agreement was expected in a week, and so on.  it's been over two
months since we agreed to the agreement.  as i told you the time is of
the essence because the time to reopen the case is expiring soon.
unless there is a legitimate excuse for the delays, this is a case of a
bad faith dealing on your client's part.  i am not saying this lightly,
and i hope i am wrong.

as i indicated, i will need to prepare and file a motion to reopen the
case and to enforce the settlement. please get back to me promptly via
email or by telephone call. my direct number is 410-576-4783.  if i am
on the phone, please ask my secretary or the receptionist (by pressing
'0') to page me.  i am out of the office, please speak with jim johnson
at 410-576-4712.

sincerely,
jonathan ahn


-----Original Message-----
From: Ahn, Jonathan
Sent: Tuesday, May 13, 2003 12:13 PM
To: 'David Roling'
Subject: RE: Rhee Brothers


david,
here is another reminder. what's the status.  this is getting too much

1


EXHIBIT 6

...
jonathan

-----Original Message-----
From: David Roling [mailto:DAR@wlekN.com]
Sent: Wednesday, April 30, 2003 9:40 AM
To: jahn@mail.semmes.com
Subject: Rhee Brothers

Hello: I spoke with counsel in NY and he advised me that we should have the signed documents and settlement draft within a week. I will continue to remind him. On another note, today we need to provide the Judge with a status report on the case. Because this case has settled and Judges prefer that plaintiff's counsel inform them of settlements, please feel free to write the Judge to tell him that this case settled. Thanks, David

David A. Roling
Wharton,Levin,Ehrmantraut & Klein
104 West Street
Annapolis, Maryland 21404
dar@wlekn.com

2

-----Original Message-----
From: David Roling [mailto:DAR@wlekN.com]

<div style="text-align:center">

WHARTON LEVIN EHRMANTRAUT & KLEIN

A PROFESSIONAL ASSOCIATION

ATTORNEYS AT LAW

104 WEST STREET

P. O. BOX 551

ANNAPOLIS, MARYLAND 21404-0551

(410) 263-5900

</div>

DAVID A. ROLING

OUTSIDE MARYLAND
800-322-1984

FACSIMILE
(410) 280-2230

E-MAIL
DAR@WLEKN.COM

<div style="text-align:center">May 22, 2003</div>

**Via Facsimile (410) 539-5223**

Jonathan Ilsong Ahn, Esq.
Semmes, Bowen & Semmes, P.C.
250 West Pratt Street
Baltimore, MD 21201

    RE:   Rhee Bros, Inc. v. Han Ah Reum Corp., et al

Dear Jonathan:

    As you are aware, Jim Wharton and the client were involved relative to the settlement. As such, I have had to recreate the file to determine where things stand. In so doing, I have been advised by the client that they have some concerns with the settlement documents relative to ambiguity as to whether they can sell any hot bean paste or sweet rice. I believe the concerns are minor and I will set them out below with proposed changes. Once you have had a chance to review these items, please contact me with your thoughts. Should you agree to these changes, I have been advised that this matter can be signed and finally closed within seven (7) days.

1    **Confidential Settlement Agreement**

    A    Client wishes to deny any infringement. As such, Paragraph 5 should read, "Defendant SSP, while denying the alleged infringing activities in the Complaint and Amended Complaint, desire to settle all disputes with Plaintiff".

    B    Client is concerned that Definitions Paragraph 6 is ambiguous and too broad in that it would stop them from selling any Hot Bean Paste at all. As such, and in conformity with your client's mark, which states that "no claim is made to the exclusive right to use 'Sweet Rice' and "Hot Bean Paste' apart from the mark as shown, the Client wants the language of this Paragraph to reflect your Client's mark. As such, the following is proposed:

        "This term shall mean a permanent injunction from offering, selling, marketing, distributing, and/or otherwise promoting, directly or indirectly, (a) products manufactured or packaged by Seoul Shik Poom, Inc. using the Plaintiffs' trademark for Soon Chang Shap Sal Hot Bean Paste as registered with the

<div style="text-align:center">SUITE 800-400 EAST PRATT STREET-BALTIMORE, MARYLAND 21202</div>



Page Two

United States Trademark and Patent Office, and (b) any products manufactured, supplied, or distributed by a third party, as defined herein, using the Plaintiffs' trademark for Soon Chang Chap Sal Hot Bean Paste, as registered with the United States Trademark and Patent Office. The terms and conditions of the Soon Chang Injunction are subject to Paragraphs 22 - 24 of this Agreement."

Paragraph 7 of the Definitions section should also be modified as above, but using the phrase, "using the Plaintiffs' trademark for Dol Guk Mi Yuk as registered with the United States Trademark and Patent Office".

C   **Miscellaneous Section Paragraph 32**

Client is concerned relative to subjecting themselves to Maryland jurisdiction when it was asserted that Mr. Kwon could not be subjected to Maryland jurisdiction. To quell this problem, the following language is proposed:

"Any dispute or action arising out of this agreement shall be governed in accordance with the laws of the State of Maryland and in the Maryland Courts. The parties shall subject themselves to this Court's continuing jurisdiction to enforce this agreement. In so subjecting, SSP agrees to this jurisdiction for the purposes of this Settlement Agreement and does not waive any of its arguments made concerning lack of jurisdiction."

2   **Consent Order of Permanent Injunction and Dismissal**

In line with the statements above, Paragraph One should read, "while denying the alleged infringing activities in the Complaint and in the Amended Complaint. . .

(a) Products manufactured or packaged by Seoul Shik Poom, Inc. using the Plaintiffs' trademark for Soon Chang Chap Sal Hot Bean Paste as registered with the United States Trademark and Patent Office; and
(b) Any products manufactured, supplied or distributed by any third party using the Plaintiffs' trademark for Soon Chang Chap Sol Hot Bean Paste as registered with the United States Trademark and Patent Office."

3   **Stipulation for Entry of Permanent Injunction and Dismissal**

A   In line with the above, the fifth (5th) line should read, "Defendants, while denying the alleged infringing activities in the Complaint and Amended Complaint, desire to settle all disputes with Plaintiff.

B   Paragraph 1 should be modified as set forth above in Section 2.

As I think you will agree, these changes do not alter the agreement, but make it clearer. I shall await your reply, and I thank you for your patience relative to this matter.

Page Three

Very truly yours,

David A. Roling

DAR:pb

SEMMES, BOWEN & SEMMES
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

250 WEST PRATT STREET
BALTIMORE, MARYLAND 21201

TELEPHONE 410-539-5040

FACSIMILE 410-539-5223

WWW.SEMMES.COM

OFFICES IN
WASHINGTON, D.C.
HAGERSTOWN, MARYLAND
SALISBURY, MARYLAND
McLEAN, VIRGINIA

Jonathan Ilsong Ahn
Direct Dial: (410) 576-4783
Email: jahn@mail.semmes.com

May 23, 2003

**VIA FACSIMILE**
**AND**
**FIRST CLASS MAIL**

David A. Roling, Esq.
Wharton Levin Ehrmantraut Klein & Nash
104 West Street
P.O. Box 551
Annapolis, Maryland 21404-0551

Re: *Rhee Bros., Inc. v. Seoul Shik Poom, et al.*,
Civil Action No. AMD 01 CV 1894
In the United States District Court for the District of Maryland

Dear David:

This is in response to your letter to me dated May 22, 2003. Rhee Bros., Inc. and Seoul Shik Poom agreed on a settlement and negotiated the terms of the settlement. On March 18, 2003, you and I confirmed to each other that the parties and their counsel had reached agreement on the written settlement documents. By email we confirmed to each other that our respective clients would execute the document as drafted, and you also confirmed that your client would make the payment called for in the settlement. You were intimately involved in the negotiations and the drafting of the settlement documents. In fact, you were the one who confirmed to me that both the settlement and the written settlement agreement had been accepted by Seoul Shik Poom.

Rhee Bros., Inc. is not willing to set aside the existing agreement to reopen negotiations. As you know, settlements are usually compromises in which neither side receives what it wants or thinks it should receive. Usually, a party agrees to the compromise in order to put an end to litigation. Therefore, once settlement has been reached, it is unfair for one party to reopen negotiations and use the other party's already compromised position as a starting point for additional compromise by the other party.

EXHIBIT
I

## SEMMES, BOWEN & SEMMES
A PROFESSIONAL CORPORATION

David A. Roling, Esq.
May 23, 2003
Page 2

    Agreement has already been reached, and Rhee Bros., Inc. demands that Seoul Shik Poom live up to its commitment.

<div style="text-align:right;">
Sincerely,

Jonathan Ilsong Ahn
</div>

JIA/kas

cc:    James Johnson, Esq.
        Mr. Jay D. Koh