UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| RHEE BROTHERS, | * |
|    Plaintiff | * |
| v. | *  Civil No. AMD 01 CV 1894 |
| HAN AH REUM CORP., et al. | * |
|    Defendants | * |

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT AND FOR COSTS**

Come now the Defendants, Seoul Shik Poom, Inc. and Joong Kwon, by counsel, David A. Roling, and Wharton, Levin, Ehrmantraut & Klein, and oppose the Plaintiff's Motions to Enforce Settlement Agreement and for costs. In support of this Opposition, these Defendants state as follows:

1. These Defendants do oppose Plaintiff's Motion to re-open this case as it is apparent for the reasons that follow that these Defendants, in fact, never fully agreed to the language of the Settlement Agreement. Hence, it does appear that this case should be re-opened.

2. At the outset, it must be noted that the undersigned and the late James T. Wharton, Esquire were the attorneys for the Defendants in this matter. Mr. Wharton died on April 4, 2003.

3. It was Mr. Wharton, and not the undersigned counsel, who had direct dealings with Plaintiff's counsel and the Defendants relative to the settlement discussions.

4. Because Mr. Wharton was not computer literate, he requested that the undersigned

counsel e-mail the Plaintiff's counsel relative to Exhibit B of Plaintiff's Motion.

    5.    After Mr. Wharton's death, counsel for Plaintiffs inquired as to the status of the settlement documents. Upon that inquiry, undersigned counsel contacted the Defendants' attorney in New York who advised that said documents would be forthcoming. The undersigned never spoke with the Defendants concerning their agreement to accept the settlement.

    6.    After Plaintiff's counsel again inquired about the settlement documents, New York counsel was again questioned. It was at that time that the undersigned learned that the Defendants, in fact, had not agreed to the settlement language and wanted to offer proposals. Those proposals were sent to Plaintiff's counsel and are a part of Plaintiff's Motion as Exhibit H.

    7.  In response to those proposals, Plaintiff's counsel responded that he would not open negotiations as he believed this case was settled by virtue of the March 18, 2003 e-mail marked as Exhibit B to Plaintiff's Motion.

    8.  Because the proposals set forth as Exhibit H modified neither the spirit nor the intent of the agreement as a whole, the undersigned asked Plaintiff's counsel to reconsider his denial so that this case could be concluded. <u>See</u>, Exhibit A to this Opposition. Plaintiffs again rejected such reconsideration. <u>See</u>, Exhibit B to this Opposition.

    9.   With these facts in place, the law relative to settlement must be examined.

10. In Maryland, it is well established that an attorney has no implied authority to compromise his client's claim. <u>Kinkaid v. Cessna</u>, 49 Md. App. 18, 430 A.2d 88 (1981). <u>See also</u>, <u>Sainsbury v. Penn. Grey Hound Lines, Inc</u>., 183 F.2d 548 (4th Cir. 1950) (deciding a Maryland case). As such, the burden of proof of <u>express</u> authority of an attorney to compromise a claim rests upon the party asserting such authority. <u>Kinkaid v. Cessna</u>, 49 Md. App. 18, 430 A.2d 88 (1981). Hence, the burden of proof relative to this issue rests with the Plaintiff. Because, however, of the death of Mr. Wharton - the attorney who actually worked on the settlement, such evidence or lack thereof is now gone. The Defendants in fact maintain that they never consented to the language of the agreement and the undersigned has never directly spoken to the Defendants in fact relative to whether they consented <u>vel non</u> to the language. Rather, when the undersigned became involved in this settlement issue after the death of Mr. Wharton, it became apparent that the Defendants in fact did not agree to the language. The Defendants in fact did, however, agree to the spirit and intent of the settlement with the proposals set forth in Exhibit H of Plaintiff's Motion. As such, the evidence presented at this juncture is that the Defendants in fact did not agree to the language, and thus no settlement on the language proposed by the Plaintiffs was reached. As such, the Motion to Enforce should be denied as <u>no</u> evidence has been put forth that Mr. Wharton had express authority to settle this claim. Absent such proof, under Maryland law, the assertion to enforce a settlement must fail. Hence, these Defendants pray that this Court deny the Motion to Enforce, as well as the Motion for Costs, as no authority for such costs has been asserted to support such an award.

11. In the spirit of concluding this matter, these Defendants note that the language of

the proposals set forth in Exhibit H to Plaintiff's Motion conform to the spirit and intent of the overall agreement, and if Plaintiff wishes to accept them, this case can be concluded.

12.     Of overriding concern to these Defendants is that the language of the Plaintiff's proposal seems to quell Defendants from selling Sweet Rice and Hot Bean Paste under any name. The intent of the settlement was to simply have these Defendants continue to market these products, but not in a away that would infringe upon Plaintiff's trademark as registered.

13.     As a result, these Defendants welcome a re-opening of this case and would request the Court's assistance in moving this case to a settlement upon the record to avoid any further misunderstandings.

WHEREFORE, for the reasons set forth above, these Defendants request that this Court re-open this case, deny the Motion to Enforce and for costs, and set a conference upon which the Court can assist the parties in concluding this matter. An Order for this relief is attached hereto.

                                                                WHARTON, LEVIN, EHRMANTRAUT &
                                                                 KLEIN


                                                                _____
                                                                David A. Roling
                                                                P.O. Box 551
                                                                Annapolis, MD 21404-0551
                                                                (410) 263-5900

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on this _____ day of June, 2003 a copy of the foregoing was mailed, postage prepaid, to:

Jonathan Ahn, Esquire
Semmes, Bowen & Semmes, P.C.
250 West Pratt Street
Baltimore, MD 21201

                                              _____
                                              David A. Roling

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| RHEE BROTHERS, | * |
|     Plaintiff | * |
| v. | *   Civil No. AMD 01 CV 1894 |
| HAN AH REUM CORP., et al. | * |
|     Defendants | * |

## ORDER

Upon consideration of the Plaintiff's Motion to Re-Open and to Enforce Settlement Agreement, and the Defendants' Opposition thereto, it is this ____ day of _____, 2003,

ORDERED, that the Motion to Re-Open be and hereby is GRANTED, and it is further,

ORDERED, that the Motion to Enforce and for Costs be DENIED, and it is further,

ORDERED, that the parties attend a conference before this Court on _____, with the intent of concluding this matter, unless the parties can conclude this matter prior to the date set forth above.

                                                                             Judge Andre M. Davis
                                                                             United States District Court for the
                                                                             District of Maryland

Copies to:

| | |
|---|---|
| Jonathan Ahn, Esquire | David A. Roling, Esq. |
| Semmes, Bowen & Semmes, P.C. | Wharton, Levin, Ehrmantraut & Klein |
| 250 West Pratt Street | 104 West Street |
| Baltimore, MD 21201 | P.O. Box 551 |
| | Annapolis, MD 21404-0551 |