IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **RHEE BROS., INC.** | * | |
| Plaintiff | * | CIVIL ACTION NO. AMD 01CV 1894 |
| v. | * | |
| **HAN AH REUM, CORP., et al.** | * | |
| Defendants | | |

* * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO REOPEN THE CASE
AND TO ENFORCE SETTLEMENT AGREEMENT
AGAINST DEFENDANT SEOUL SHIK POOM, INC.**

Plaintiff, Rhee Bros., Inc. ("Rhee Bros."), by and through its undersigned counsel, Jonathan Ilsong Ahn and Semmes, Bowen & Semmes, files this Reply Memorandum in Support of its Motion to Reopen the Case and to Enforce Settlement Agreement against Defendant Seoul Shik Poom, Inc. This Reply Memorandum is in response to the Opposition to Plaintiff's Motion to Enforce Settlement Agreement and for Costs (the "Opposition"), filed by Defendant Seoul Shik Poom ("SSP") on June 6, 2003. The assertions made by SSP in the Opposition do not withstand critical analysis, and this Court should not accept SSP's disingenuous attempts to disclaim the agreement it made to settle this matter. Rhee Bros.' Motion should be granted, and Rhee Bros. should be awarded its costs incurred in seeking the Court's assistance to enforce the parties' agreement.

**ARGUMENT**

A. **Sufficient Evidence Exists That SSP Expressly Authorized and Approved the Settlement of This Case.**

In its first argument in opposition to enforcing the settlement agreement, SSP claims that it never agreed to the language of the settlement documents submitted by Rhee Bros., and that its

attorneys lacked the express authority to settle this case on its behalf.  SSP's argument, when analyzed properly, must fail.

Rhee Bros. does not dispute that an attorney must have express authority to settle a matter before the settlement will be enforced against the client.  It is also well-settled, however, that actual authority exists when the principal knowingly allows the agent to exercise authority.  *See*, *Integrated Consulting Svcs., Inc. v. LDDS Communications, Inc.*, 996 F. Supp. 470, 474 (D. Md. 1998).  Further, a client is charged with the knowledge of his attorney's activities and is generally bound by them.  *Chapman v. Kamara*, 118 Md. App. 418, 439, 702 A.2d 977 (1997), *rev'd in part on other grounds*, 356 Md. 426, 739 A.2d 387 (1999).  Moreover, the course of conduct between an attorney and client is significant in determining what authority has been conferred upon the attorney.  *Miller v. Mueller*, 28 Md. App. 141, 146, 343 A.2d 922, *cert. denied*, 276 Md. 747 (1975).  In this case, this Court is entitled to find that Mr. Roling, Mr. Wharton, and SSP's counsel in New York had actual, express authority to settle this matter for SSP.

**1.     The Clear Communication of Acceptance and Approval by SSP.**

Initially, there can be no doubt that the communications from SSP's counsel to Rhee Bros.' counsel stated clearly that it was SSP, and not merely its attorneys, who accepted the proposed settlement documents.  Exhibit B to Rhee Bros.' Motion is an e-mail from David Roling,[1] admittedly one of SSP's attorneys, to Jonathan I. Ahn, Rhee Bros.' attorney.  That e-mail states that "We have been **advised by our clients** that the settlement **documents** are approved."  Motion, Ex. B (emphasis added).  This is not a statement by SSP's *counsel* that the agreement is accepted; it is a

---

[1] The Opposition asserts that Mr. Wharton's untimely death has destroyed any evidence concerning the purported authority of SSP's counsel to settle this case.  However, it was Mr. Roling, not Mr. Wharton who communicated SSP's approval of the documents to Rhee Bros.  Mr. Roling is alive and well, and may certainly testify about the circumstances of **his** e-mail.  Thus, SSP's macabre attempt to use Mr. Wharton's death to its advantage is hollow.

2

clear and unambiguous statement that **the client**, SSP, has advised its counsel that the settlement documents are approved.[2]  This statement also belies SSP's argument that it had agreed merely to the "spirit and intent" of the proposed settlement; the statement clearly indicates acceptance and approval of the "documents" as submitted.  Exhibit B also states that "clean copies" of the settlement documents were sent to SSP for execution, and requests information on how the settlement check should be prepared.  *Id.*  In Exhibit D, dated April 30, 2003, almost 6 weeks after the initial communication of SSP's acceptance of the documents, Mr. Roling again informed Mr. Ahn that the documents will be signed by his client and the payment made within a week.  Motion, Ex. D.  Certainly these e-mails are some evidence that SSP actually agreed to the settlement documents, and granted its attorneys the express authority to settle this claim.

    2.    **Statements and Representations Prior to the Approval of the Settlement Documents.**

Additional evidence that SSP granted its attorneys express authority to settle this matter is its attorneys' active participation in discussions about the specific content and language of the settlement documents.  Attached hereto as Exhibit J is the Affidavit of Jonathan I. Ahn, counsel for Rhee Bros.  As noted in Exhibit J, James Wharton, SSP's counsel, participated in extensive discussions with Mr. Ahn by telephone, correspondence, and e-mail, about the content of the settlement agreement.  Ex. J, ¶¶5 - 6. Most importantly, Mr. Wharton made specific comments about language that SSP could not accept, and suggested alternative language that SSP could accept.  Ex. J, ¶6.  Throughout these discussions, Mr. Wharton never gave any hint that he was conducting the negotiations without authority from his client, or that his "counter-offers" were his own and not

---

[2]    In order to find, as SSP now argues, that SSP did not approve the settlement documents as written, this Court would necessarily have to decide that Mr. Roling **deliberately** sent a **false** statement to Rhee Bros.' counsel.  The undersigned does not believe this to be the case.  Instead, it is more likely that SSP merely reconsidered its enforceable acceptance of Rhee Bros.' offer, and seized upon the only legal thread that it could in order to deny the agreement.

approved by his client. In fact, Mr. Wharton expressly represented that language he proposed was language that his client approved. Ex. J, ¶7. Mr. Wharton's active participation in these discussions, including his express representations that SSP could accept certain language but not other language, is evidence that Mr. Wharton, and therefore his firm, including Mr. Roling, was expressly authorized by SSP to compromise the claims against it. SSP's current claim, that its counsel was not authorized to accept the documents as proposed, is simply not believable given counsel's extensive participation in negotiations. Moreover, SSP has failed to present any evidence, such as a statement under oath, that its counsel was not authorized to accept the settlement documents proposed by Rhee Bros.

Counsel's active participation in negotiations concerning the specific language of the settlement documents is sufficient evidence that SSP expressly authorized its counsel to compromise the claims against it, and authorized the unconditional and unambiguous acceptance of the proposed documents on March 18, 2003.

    **3.**    **Communications Following Transmission and Approval of the Settlement Documents.**

Between the time when the settlement documents were sent to SSP's counsel on February 25, 2003, and SSP's disclaimer of the approval on May 22, 2003, a period of nearly 3 months, counsel for the parties communicated at least 10 different times. *See*, Ex. J, ¶9; Motion, Exs. C - G. These communications included Mr. Roling's e-mail, dated March 18, 2003, communicating his client's approval of the settlement documents, as well as a statement on April 30, 2003, in which Mr. Roling again represented that the executed documents and the settlement payment would be forthcoming shortly. Ex. D. Despite these repeated opportunities to do so, neither SSP nor its counsel ever made any statement, or otherwise gave any indication, that the settlement documents

were not approved, or that the prior agreement and approval of the documents was without authority.  Ex. J, ¶10.

Given all of this evidence concerning the negotiations, acceptance, and subsequent reassurances concerning the settlement, the only reasonable conclusion to be reached is that SSP actually authorized acceptance of the settlement and approval of the documents, that its attorneys, particularly Mr. Roling, truthfully communicated this acceptance and approval to Rhee Bros.' counsel, and that SSP's current denial of the agreement is based solely on untimely second thoughts about the agreement.  Sufficient evidence exists that SSP agreed to settle this matter, and the settlement agreement  should be enforced as written.

**B.    SSP's Current Proposals to Change the Language of the Agreement are Substantive, Not Merely "Cosmetic."**

SSP also asserts that the changes to the settlement agreement that it proposed by letter on May 22, 2003, are merely cosmetic, and do not affect the "intent or spirit" of the agreement.  Once again, critical analysis of SSP's assertion proves it is incorrect.  In fact, SSP's proposals substantively change the terms of the agreement, and are not acceptable to Rhee Bros.

The previously agreed and approved settlement documents referred to "Soon Chang Chapsal Gochujang" as a trademark, and Rhee Bros. filed this case to protect this trademark.  SSP's proposal modifies the trademark definition in the settlement documents to refer to "Soon Chang Chapsal Gochujang" as a product, rather than a trademark.  Thus, SSP's proposal substantively alters the agreement because it fails to fully incorporate Rhee Bros. trademark rights in its "Soon Chang Chapsal Gochujang" trademark.

Perhaps more importantly, the documents that the parties had agreed to prohibited SSP from marketing products using the "Soon Chang Chapsal Gochujang" trademark under SSP's brand name

or any other brand name. SSP's proposal deletes this restriction entirely, clearly a substantial alteration of the "spirit and intent" of the agreement.

Next, agreed settlement documents, as well as the pleadings in this case, note only that Rhee Bros. claims trademark protection in its "Dol Guk Mi Yuk" trademark under common law principles and its senior status in the marketplace; Rhee Bros. does not claim that the "Dol Guk Mi Yuk" trademark is registered, or that it is entitled to protection because of a registration. SSP's proposal alters the agreement to assert that the "Dol Guk Mi Yuk" is registered. Again, this is a substantial change, and Rhee Bros. cannot agree to this change because it would make a false statement about Rhee Bros.' claims for protection of this trademark.

**C.     Summary and Conclusion**

As noted, SSP's last-minute proposals to change the settlement agreement proposed by Rhee Bros. substantively alter the agreement, and are unacceptable to Rhee Bros. In addition, when this situation is viewed as a whole, it is not unreasonable to conclude that SSP has not acted entirely in good faith. Specifically, the evidence before the Court indicates that the parties negotiated the terms of a settlement in several telephone conversations, that each party proposed and deleted language of the agreement, and that acceptance and approval of the agreement and the documents was clearly communicated to Rhee Bros. Thereafter, despite several opportunities question the agreement and the documents, SSP and its counsel simply sat on their hands, reiterated the acceptance and approval of the documents, failed to execute the documents and, at the very last minute, at a time when Rhee Bros. had no choice but to ask the Court to reopen the case, proposed new language that significantly and substantively altered the meaning and intent of the agreement. Parties and their counsel, acting in good faith, simply do not make such misleading representations or, giving counsel the benefit of the doubt, such "mistakes."

Reviewing the record of the settlement proceedings in this case as a whole leaves one with the clear and definite impression that SSP agreed to the settlement documents that Rhee Bros. delivered on February 25, 2003. This Court should not allow SSP to renege on its agreement at this late date based merely on a claim, directly contrary to prior communications in this case, that it did not approve the agreement. The circumstances clearly indicate that SSP's denial of the agreement is a last-minute fabrication based entirely on "second thoughts" about the agreement.

WHEREFORE, for the foregoing reasons Plaintiff respectfully requests that the Court issue an Order directing the Clerk to reopen this case against Defendant Seoul Shik Poom, directing Defendant Seoul Shik Poom to execute the settlement documents and to comply with the terms of the settlement agreement, and awarding Rhee Bros., Inc. its costs and fees incurred in connection with its Motion to Reopen Case and Enforce Settlement Agreement Against Defendant Seoul Shik Poom.

## REQUEST FOR HEARING

Plaintiff, Rhee Bros., Inc., hereby respectfully requests a hearing on its Motion to Reopen the Case and to Enforce the Settlement Against Seoul Shik Poom, Inc.

Respectfully submitted,

/s/
Jonathan Ilsong Ahn, Bar No. 22262
James A. Johnson, Bar No.02293
Kenneth S. Knuckey, Bar No. 25527
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, MD 21201
(410) 539-5040

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June, 2003, a copy of the foregoing document was mailed, via first class mail, postage prepaid to:

David A. Roling, Esq.
Wharton Levin Ehrmantraut Klein & Nash
104 West Street
P.O. Box 551
Annapolis, Maryland   21404-0551

Attorneys for Defendant Seoul Shik Poom, Inc.

Stephen C. Leckar, Esq.
Butera & Andrews
1301 Pennsylvania Ave., N.W. Suite 500
Washington, D.C.,   20004

Benjamin Lambiotte, Esq.
Garvey Schubert & Barer
1000 Potomac Street, N.W., Fifth Floor
Washington, D.C.   20007

Attorneys for Defendants Han Ah Reum, Corp.,
HAR Wheaton, Inc., and Il Yeon Kwon.

H. Patrick Stringer, Esq.
Mudd, Harrison & Burch
300 Jefferson Building
105 W. Chesapeake Avenue
Towson, Maryland   21204

Attorney for Defendant HAR Wheaton, Inc.

                                                    /s/
                                         Jonathan I. Ahn

(B0351508.WPD;1)