IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **RHEE BROS., INC.** | * |
| **Plaintiff** | *  CIVIL ACTION NO. AMD 01CV 1894 |
| v. | * |
| **HAN AH REUM, CORP., et al.** | * |
| **Defendants** | * |

* * * * * * * * * * * * * * * *

**AFFIDAVIT OF JONATHAN I. AHN**

I, Jonathan Ilsong Ahn, am over the age of eighteen, and am competent in all respects to make the statements in this Affidavit, and all statements herein are based upon my personal knowledge.

1. I am an attorney licensed to practice law in the State of Maryland, and I am admitted to the bar of the United States District Court for the District of Maryland. I am currently a shareholder in the law firm Semmes, Bowen & Semmes, PC in Baltimore Maryland.

2. I represent Rhee Bros., Inc. ("Rhee Bros."), and have represented Rhee Bros. throughout all of the proceedings in this case.

3. From the beginning of this action, most of my dealings on behalf of Rhee Bros. in connections with its claims against Defendant Seoul Shik Poom ("SSP") have been with David Roling of the law firm Wharton, Levin, Ehrmentraut & Klein, counsel for SSP.

4. On December 30, 2002, I received an e-mail from Mr. Roling inquiring about Rhee Bros.' willingness and required terms to settle its dispute with SSP. I replied to Mr. Roling's e-mail on January 6, 2003, informing him of the general conditions under which Rhee Bros. would agree to settle its dispute with SSP. In addition, because Mr. Roling informed me



that he was in trial for the next 2 weeks, I stated these general conditions in a letter, dated January 8, 2003, addressed to James Wharton of Wharton, Levin, Ehrmentraut & Klein, and sent a copy of the letter to Mr. Roling.

5. Following this exchange of e-mails and my letter to Mr. Wharton and Mr. Roling, I had several telephone conversations with Mr. Wharton about the terms of a proposed settlement between Rhee Bros. and SSP. These telephone discussions, including leaving detailed messages for Mr. Wharton, occurred on January 10, 14, 23, and 24, and February 6, 11, and 13, 2003. In addition, I received an e-mail from Mr. Wharton on February 6, 2003, which contained a substantive counter-offer for settlement from SSP.

6. During my telephone discussions with him, Mr. Wharton made several comments about language and provisions proposed by Rhee Bros. that SSP could not accept. In addition, Mr. Wharton made several suggestions about what language SSP would find acceptable in the proposed agreement.

7. Throughout the course of these discussions, I believed that Mr. Wharton was conducting the negotiations with the full knowledge and approval of SSP. Mr. Wharton never gave any indication that he was conducting the negotiations on his own, or without the knowledge or authority of his client. Moreover, on more than one occasion, Mr. Wharton expressly represented that the opposition to or approval of proposed language, and his proposal of certain language, came directly from his client and through New York counsel for SSP.

8. Based upon all of the foregoing circumstances, it was clear to me that Mr. Wharton and his law firm had the actual authority to negotiate and settle the claims in this case on behalf of SSP. More importantly, after having completed his trial, Mr. Roling resumed his handling of this matter on SSP's behalf. On March 18, 2003, Mr. Roling informed me by e-mail

that "We have been advised by our clients that the settlement documents are approved." I believed, based on Mr. Wharton's prior statements and representations, and having received no indications that SSP did not authorize any of the activities by its counsel, that SSP had in fact approved the settlement agreement as written in the documents. Nothing in my dealings with Mr. Wharton, Mr. Roling, or his client ever raised any question concerning whether they were authorized to settle this case on behalf of SSP.

9. In addition to the several communications with Mr. Wharton and Mr. Roling that preceded the March 18, 2003, e-mail approving the settlement documents, I had several communications with Mr. Roling after that date. My records indicate, and as reflected in part in the Exhibits attached to Rhee Bros.' Motion, I communicated with Mr. Roling at least 10 times between February 25, 2003, when the documents were first sent to him and Mr. Wharton, and May 22, 2003, when Mr. Roling first communicated SSP's desire to change language in the documents.

10. At no time in any of these communications during this nearly 3 month period did Mr. Roling or anyone else ever claim that the settlement documents were not approved, or that there was any issue with regard to counsel's authority to settle this case for SSP. Indeed, Mr. Roling's e-mail dated April 30, 2003, clearly reiterates that the settlement documents were acceptable, and that we were merely waiting for SSP to execute them.

**I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE.**

6/20/03
Date

Jonathan I. Ahn, Esq.